IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONA A. PHENIS                                                                    PLAINTIFF

vs.                              Civil No. 2:15-cv-02229

CAROLYN COLVIN                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Dona Phenis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on December 30, 2012.  (Tr. 17, 146-147).  Plaintiff alleged she was disabled due to migraines, depression, high blood pressure, back pain, hernia, and bipolar disorder.  (Tr. 166).  Plaintiff alleged an onset date of November 24, 2010.  (Tr. 167).  This application was denied initially and again upon reconsideration.  (Tr. 17).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

requested an administrative hearing on her application and this hearing request was granted. (Tr. 105-106).

Plaintiff's administrative hearing was held on February 10, 2014. (Tr. 31-67). Plaintiff was present and was represented by attorney, Greg Thurman, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Patricia Kent, testified at the hearing. *Id.* At the time of this hearing, Plaintiff was forty-one (41) years old, had high school education and an associate degree in nursing. (Tr. 39).

On July 11, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 17-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 19, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 24, 2010. (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the severe impairments of headaches, migraines, hypertension, bipolar II disorder, and obesity. (Tr. 19, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-25). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform work at all exertional levels except must avoid concentrated exposure to extreme cold, extreme heat, noise, vibration, fumes, odors, dusts, gases, poorly ventilated areas, hazardous machinery, and unprotected heights; can perform work where interpersonal contact was routine but superficial; complexity of tasks was learned by experience, with several variables, and use of

judgment within these limits; and supervision required was little for routine, but detailed for non-routine work. (Tr. 21-22, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 10). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) sales attendant with 201,507 such jobs in the nation and 1,726 such jobs in the state, and (2) vacuum inspector with 44,886 such jobs in the nation and 617 such jobs in the state *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 24, 2010 through the date of the decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 11-13). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 5-7). On October 26, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 27, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the weight given the opinions of Plaintiff's physician, (B) in failing to obtain a consultative examination, and (C) in failing to properly consider Plaintiff's complaints of pain.  ECF No. 8, Pgs. 8-17.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 10.

**A.  ALJ's Treatment of Treating Physician Opinions**

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation.  *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.  *Id.* at 1013

(quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Robert Bishop in assessing Plaintiff's RFC. ECF No. 8, Pgs. 8-11. However, substantial evidence supports the RFC and the ALJ's reasons for giving little weight to Dr. Bishop's opinion. To begin with, as indicated by the ALJ, neither Plaintiff's MRI/MRA nor neurological exams showed significant abnormalities. (Tr. 23-24, 235, 238, 251, 289-290, 306, 310, 342, 355, 363). The ALJ also noted the severe restrictions found by Dr. Bishop were inconsistent with the normal MRA findings. (Tr. 24). The ALJ further noted Dr. Bishop's own examinations were generally normal and his notes indicate only a few migraines a month. (Tr. 24, 289-290, 306, 310, 355, 363).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to certain opinions of Dr. Bishop and he set forth several reasons in his analysis for doing so. (Tr. 22-24).

Based on the above, I find there was no error in the weight given or the treatment of the opinions of Dr. Bishop.

### B. Consultative Exam

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v.*

6

*Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

    Plaintiff argues the ALJ should have obtained a consultative examination and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

    Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

    Plaintiff also argues the ALJ should have obtained another consultative examination by a neurologist. To begin with, Plaintiff did have a neurological examination by the Department of Neurology at Cooper Clinic on January 21, 2009 that showed no deficits of clinical significance or objective abnormalities. (Tr. 235-238). Also, the MRI and MRA of Plaintiff's brain showed no evidence of any significant abnormality; a second MRI from 2014 was equally unremarkable; and treating physician Dr. Bishop found no objective abnormalities during his neurological evaluations. (Tr. 2, 238, 251, 289-290, 306, 310, 355, 363).

    There was no error in the ALJ's reliance on the medical record at hand and I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**C. ALJ's Credibility Determination**

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 8. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 22-25). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medical treatment for her alleged impairments, and (5) Plaintiff's past employment including being able to work with the alleged impairments. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

9

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **6th day of October 2016.**

>                /s/   Barry A. Bryant
>                HON. BARRY A. BRYANT
>                U. S. MAGISTRATE JUDGE